# EXHIBIT "A"
## *(Amended Complaint)*

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF RICHLAND )

)  Civil Action No. 2015-CP-40-07467
Rachel Stewart, )
)
                Plaintiff, )
) **AMENDED SUMMONS**
    vs. )
)
Property & Casualty Insurance Company of )
Hartford, Crawford & Company, and )
Palmetto Design and Renovation )
Contractors, LLC )
)
                Defendants.

TO THE ABOVE-NAMED DEFENDANT(S):

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served on you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office at 2519 Devine Street, Suite A, Columbia, South Carolina, 29205, within thirty (30) days of the date of service, exclusive of the day of such service; if you fail to answer the said Complaint with the time aforesaid, the Plaintiff in this action will apply to the Court for the said relief demanded in the Complaint.

    This 21 day of January, 2016.

                                      GOODWYN LAW FIRM, LLC

                                      T. Jeff Goodwyn, Jr.
                                      Christopher J. Archer
                                      2519 Devine Street, Suite A
                                      Columbia, SC 29205
                                      (803) 251-4517 Phone
                                      (803) 251-4527 Facsimile
                                      JGoodwyn@Goodwynlaw.com
                                      Attorney for Plaintiff

Columbia, South Carolina

1.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | ) | |
| | ) | Civil Action No. 2015-CP-40-07467 |
| Rachel Stewart, | ) | |
| | ) | |
| Plaintiff, | ) | AMENDED COMPLAINT |
| | ) | (Jury Trial Demanded) |
| vs. | ) | |
| | ) | |
| Property & Casualty Insurance Company of Hartford, Crawford & Company, and Palmetto Design and Renovation Contractors, LLC | ) ) ) ) | |
| Defendants. | ) | |

The Plaintiff, Rachel Stewart, complaining of the Defendants, would show as follows:

1. Plaintiff is a citizen and resident of Richland County residing at 3 Bennington Cove, Columbia, South Carolina 29229 (hereafter "the Property").

2. Defendant Property & Casualty Insurance Company of Hartford (hereafter "the Hartford") is a foreign corporation doing business in the State of South Carolina, including Richland County and is subject to the jurisdiction of this Court.

3. Defendant Crawford & Company (hereafter "Crawford") is a foreign corporation doing business in the State of South Carolina, including Richland County and is subject to the jurisdiction of this Court. It may be served through its registered agent, Corporation Service Company, located at 1703 Laurel Street, Columbia, South Carolina 29201.

4. Defendant Palmetto Design and Renovation Contractors, LLC (hereafter "Palmetto Design") is a South Carolina domestic limited liability company doing business in the State of South Carolina, including Richland County and is subject to the jurisdiction of this

1

be served through its registered agent, Mike Gibson, at 121 Centrum Drive, Irmo, South Carolina 29063.

5. On or around December 16, 2014, a washing machine malfunctioned at the Property resulting in significant water damage to the Property.

6. Following discovery of the water damage, Plaintiff timely filed a claim with her home owner's insurance carrier, the Hartford.

7. The Hartford accepted the claim and contacted Crawford, a vendor for the Hartford, who manages a general contractor network.

8. An agent for the Hartford specifically recommended that Palmetto Design, a member of the Crawford network, be used to complete the remediation and repairs at the Property and represented to Plaintiff that this contractor was qualified and able to complete the repairs to the Property in a timely fashion.

9. Palmetto Design represented to Plaintiff that it was qualified and able to complete the repairs to the Property in a timely fashion.

10. Pursuant to the recommendations and representations of the Hartford and Palmetto Design, Plaintiff hired Palmetto Design to complete the necessary remediation and repairs to the Property.

## FOR A FIRST CAUSE OF ACTION
(Negligence as Against Defendant Palmetto Design)

11. The preceding allegations are incorporated herein as if repeated verbatim.

12. Palmetto Design had a duty to perform their repair work in a timely, skillful, workmanlike, and careful manner so that Plaintiff's property and improvements were not damaged and Plaintiff was not displaced from her home for an unreasonable period of time.

13. Palmetto Design breached this duty of care and was negligent, grossly negligent, careless, and reckless in the following particulars:

    a. In failing to complete its work timely;

    b. In failing to protect Plaintiff's personal property from further damage and theft;

    c. In failing to complete its work in accordance with industry standards.

    d. In failing to install wood flooring properly, leaving large gaps between boards, using previously damaged transition strips, removing the finish from newly installed boards, and allowing the new flooring to be exposed to excessive wear;

    e. In installing ceramic tile with visible ripples and bubbles and allowing grout to be worn away so that it was no longer level with other grout;

    f. In allowing chemicals to overflow on to the lawn creating numerous and substantial dead spots;

    g. In denting and scraping the paint from the front and garage entry doors;

    h. In denting and tearing the weather strip on the garage door;

    i. In failing to properly install the laundry room flooring leaving large gaps and grout lines;

    j. In failing to properly secure the premises allowing the theft of numerous electronics;

    k. In failing to properly cover items remaining in the home during repairs causing substantial damage to Plaintiff's clothing and other items of personal property;

    l. In allowing months to pass without completing any work; and

    m. In such other and further ways as to be proved at trial.

3

## FOR A SECOND CAUSE OF ACTION
(Breach of Implied Warranty as Against Defendant Palmetto Design)

14. The preceding allegations are incorporated herein as if repeated verbatim.

15. One who holds himself out as qualified to perform work impliedly warrants that the services will be provided in a workmanlike manner.

16. Defendant owed a duty to Plaintiff to repair and restore the water damage at Plaintiff's residence in a workmanlike manner.

17. Defendant breached this warranty when they failed to perform their work in a timely and proper manner.

18. As a direct and proximate result of the breach of the implied warranty of workmanlike service by Defendant, Plaintiff has sustained damages in an amount to be proved at trial.

## FOR A THIRD CAUSE OF ACTION
(Negligence as Against Defendant The Hartford)

19. The preceding allegations are incorporated herein as if repeated verbatim.

20. Defendant Crawford & Company assigned Palmetto Design and the Hartford specifically recommended Palmetto Design to Plaintiff representing that Palmetto Design was qualified and able to properly and timely complete the repairs to the Property.

21. In making its recommendation to Plaintiff that she hire Palmetto Design, the Hartford expressly and impliedly represented to Plaintiff that it has special knowledge with regard to Palmetto Designs ability to properly complete the work.

22. On information and belief, The Hartford's agent did not recommend Palmetto Design based primarily on a belief that Palmetto Design was qualified to perform the work, but

4

rather because he had a personal relationship with a principal at Palmetto Design and was receiving kickbacks for jobs that he recommended to Palmetto Design.

23. In making its recommendation to Plaintiff that she hire Palmetto Design, the Hartford undertook a duty to properly vet Palmetto Design's ability to timely and properly complete the work at Plaintiff's property.

24. The Hartford breached its duty to Plaintiff when it failed to properly vet Palmetto Design's ability to timely and properly complete the work at Plaintiff's property.

25. As a direct and proximate result of the Hartford's negligence, Plaintiff has sustained and punitive damages in an amount to be proved at trial.

### FOR A FOURTH CAUSE OF ACTION
(Negligence as Against Defendant Crawford & Company)

26. The preceding allegations are incorporated herein as if repeated verbatim.

27. Defendant Crawford & Company, who manages a general contractor network, assigned a contractor, Palmetto Design, to complete the repair work at Plaintiff's property.

28. In assigning Palmetto Design to complete the repair work at Plaintiff's residence Crawford & Company expressly and impliedly represented to Plaintiff that it had special knowledge with regard to Palmetto Design's ability to properly complete the work.

29. In assigning Palmetto Design to complete the repair work at Plaintiff's residence Crawford & Company undertook a duty to properly vet Palmetto Design's ability to timely and properly complete the work at Plaintiff's property.

30. On information and belief, Crawford & Company's agent did not recommend Palmetto Design based primarily on a belief that Palmetto Design was qualified to perform the work, but rather because he had a personal relationship with a principal at Palmetto Design and was receiving kickbacks for jobs that he recommended to Palmetto Design.

31. Crawford & Company breached its duty to Plaintiff when it failed to properly vet Palmetto Design's ability to timely and properly complete the work at Plaintiff's property.

32. As a direct and proximate result of Crawford & Company's negligence, Plaintiff has sustained actual and punitive damages in an amount to be proved at trial.

### FOR A FIFTH CAUSE OF ACTION
(Statutory Bad Faith as Against Defendant The Hartford)

33. The preceding allegations are incorporated herein as if repeated verbatim.

34. The Hartford failed to adopt and implement reasonable standards for the prompt investigation and settlement of Plaintiff's claim.

35. The Hartford failed to act in good faith to effect a prompt settlement of Plaintiff's claim.

36. The Hartford engaged in practices which constituted an unreasonable delay in resolving Plaintiff's claim.

37. Pursuant to S.C. Code Ann. § 38-59-40, Plaintiff is entitled to an award of attorney's fees not in excess of one-third of the judgment entered in this action.

### FOR A SIXTH CAUSE OF ACTION
(Common Law Bad Faith as Against Defendant The Hartford)

38. The preceding allegations are incorporated herein as if repeated verbatim.

39. The Hartford had a duty to act in good faith which required it to use due care not to deprive Plaintiff of her rights under the Policy.

40. The Hartford breached this duty in numerous ways including representing that it would be beneficial to Plaintiff to retain Palmetto Design, and prematurely exhausting Plaintiff's living allowance.

41. The Hartford has forced Plaintiff to pursue litigation in order to obtain payment for the loss covered by the Policy.

42. The Hartford's failure to timely and properly adjust Plaintiff's claim was the result of bad faith and the reckless and/or intentional disregard for Plaintiff's rights under the Policy.

43. The Hartford's acts entitle Plaintiff to an award of punitive damages in an amount to be determined at trial.

### FOR A SEVENTH CAUSE OF ACTION
### (Civil Conspiracy)

44. The preceding allegations are incorporated herein as if repeated verbatim.

45. Defendants the Hartford, Crawford, and Palmetto Design, at all times relevant to this action, acted together and in concert with one another for the purpose of causing harm to the plaintiff.

46. As a direct and proximate cause of Defendant Hall's and Defendant West's conspiracy, Plaintiff has sustained actual and punitive damages in an amount to be proved at trial.

### FOR A SEVENTH CAUSE OF ACTION
### (RICO)

47. The preceding allegations are incorporated herein as if repeated verbatim.

48. The Hartford, Crawford, and Palmetto Design engaged in a system of bribery and kickbacks, in violation of S.C. Code Ann. § 16-17-540 and 18 U.S.C. § 1962, such acts constituting a pattern of racketeering activity.

49. This system was part of an ongoing organization and enterprise involving the Hartford, Crawford, and Palmetto design whereby the defendants offered and accepted bribes and kickbacks which effected the contractors chosen and recommended to the Hartford's insured.

50. As a direct and proximate result of the conduct of the above-mentioned enterprise and its pattern of racketeering activity, Plaintiff is entitled to an award of treble damages plus attorney's fees.

WHEREFORE, Plaintiff demands a trial by jury and for judgment against the Defendants, jointly and severally, in an amount to be determined at trial, for all actual, consequential, punitive and treble together with all interest allowed by law, all costs of this action, and such other and further relief as this Court deems equitable and proper.

GOODWYN LAW FIRM, LLC

T. Jeff Goodwyn, Jr.
Christopher J. Archer
2519 Devine Street
Suite A
Columbia, SC 29205
(803) 251-4517 Phone
(803) 251-4527 Facsimile
JGoodwyn@Goodwynlaw.com
Attorney for Plaintiff

This 21 day of January, 2016
Columbia, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | |
| ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND ) | |

)  Civil Action No.: 2054-CP-40-07467

Rachel Stewart,

              Plaintiff(s),

vs.

**CERTIFICATE OF SERVICE**

Property & Casualty Ins. Co. of Hartford.,
Crawford & Company and Palmetto Design
and Renovation Contractors,

              Defendant(s).

The undersigned hereby certifies that on **April 7, 2016**, copies of the foregoing filed **Amended Summons** and **Amended Complaint** was served on the following party by placing a copy of the same Via Restricted Delivery, Certified Mail, Return Receipt Requested, postage prepaid at the address shown below:

**VIA RESTRICTED DELIVERY**
**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
The Hartford Insurance
P.O. Box 14266
Lexington, KY 40512-4266

Mary S. Bush
Paralegal to T. Jeff Goodwyn, Jr., Esquire
Goodwyn Law Firm, LLC
2519 Devine Street, Suite A
Columbia, SC 29205
(803) 251-4517



Goodwyn Law Firm, LLC
2519 Devine Street, Suite A
Columbia, S.C. 29205

7014 0150 0001 9133 0720

CERTIFIED MAIL

VIA RESTRICTED DELIVERY
CERTIFIED MAIL
RETURN RECEIPT REQUESTED

The Hartford Insurance
P.O. Box 14266
Lexington, KY 40512-4266

4051242555

02 1P
0001808569   APR 07 2016
MAILED FROM ZIP CODE 29205
$012.325

1604184013698








)1 6 0 4 1 8 4 0 1 3 6 9 8